**SACK & SACK, ESQS.**
110 East 59th Street, 19th Floor
New York, New York 10022
Tel.: (212) 702-9000
Fax: (212) 702-9702

JUDGE KOELTL 08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

'08 CIV 6814.

------------------------------------------------------------x

**TAHITA JENKINS,**

1:08-CV-_____

ECF CASE

Plaintiff,

— against —

**COMPLAINT**

**NEW YORK CITY TRANSIT
AUTHORITY, PATRICK SULLIVAN** and
**PHYLLIS CHAMBERS,** individually,

**JURY TRIAL REQUESTED**

Defendants.

JUL 3 0 2008

U.S.D.C. S.D. N.Y.
CASHIERS

------------------------------------------------------------x

Plaintiff, Tahita Jenkins (*"Jenkins"* or *"Plaintiff"*) by her attorneys, Sack & Sack, Esqs.,

file the following Complaint against her former employer Defendant New York City Transit

Authority (*"TA"*) and immediate supervisor and Patrick Sullivan (*"Sullivan"*) and Phyllis

Chambers (*"Chambers"*, Sullivan together with TA, *"Defendants"*).

Ms. Jenkins, as and for her complaint, alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff complains that her former employer, TA, engaged in the unlawful discrimination and subsequent retaliation of Plaintiff in the terms, conditions, and privileges of her employment as follows:

    a.  Discrimination on the basis of religion in the terms, conditions and privileges of employment in violation of: (a) the Title VII of the Civil Right Act of 1964, as amended, 42 U.S.C. §§ 2000 et seq. (b) New York Executive Law § 292(1) § 296 (10)(a), (c) ("*NYSHRL*"); New York City Administrative Code §8-107(1) ("*NYCHRL*");

    b.  Failure to Accommodate religious beliefs under the terms, conditions and privileges of employment in violation of: § 701 (j) of Title VII of the Civil Rights Act, as amended at 42 U.S.C. § 2000e(j), New York Executive Law § 296e(10)(b), NYCHRL § 8-107(3);

    c.  Disparate Treatment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.; The New York Executive Law, and the New York City Administrative Code;

    d.  Disparate Impact under § 703(k) of Title VII of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 2000e-2(k); the City URL § 8-107(17);

    e.  Conspiracy to Discriminate based on plaintiff's religion under the New York Executive Law § 296(6);

f.  Retaliation against an employee for having complained of discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a), New York Executive Law § 296(7), and the City Administrative Code § 8-107(7), (19);

g.  Deprivation of rights guaranteed by 42 U.S.C. § 1983, the First and Fourteenth Amendments to the United States Constitutions and Article 1, §§ 8 and 11 of the New York State Constitution.  Plaintiff seeks both declaratory relief and monetary damages; and

h.  Unlawful discharge with malice or reckless indifference to the federally protected rights of the plaintiff based on her religions beliefs practices pursuant to 42 U.S.C. §§ 2000e-1(a)(l), New York Executive Law § 296(l), and New York City Administrative Code § 8-107(1).

2.      Plaintiff files this action to seek monetary relief for the denial of equal employment opportunity and for the unlawful employment practices of Defendants.

3.      Plaintiff further complains that she has suffered, is suffering and will continue to suffer severe economic and non-economic damages because Defendants deprived Plaintiff of her employment rights in violation of federal and state law.

4.      On or about June 5, 2007, Plaintiff filed a timely Charge of Discrimination with the United States Equal Employment Opportunity Commission ("*EEOC*"), which bore charge number 520-2007-03037.

5.      On April 9, 2008, the EEOC referred this matter to the U.S. Department of Justice for review.

6.      Plaintiff timely brings this action within ninety (90) days of the receipt of a Notice of Right to Sue Letter ("*NORTS Letter*"), issued by the U.S. Department of Justice on May 1, 2008.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e.

8.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a).  Venue in this matter is properly laid in the District because the violations of the Plaintiff's federal and state civil rights occurred at branch office locations in this District, because the Defendant does business in this District, and because most of the fact witnesses and evidence are common to or most convenient to this District.

9.      Plaintiff served copies of this Complaint upon the New York City Commission on Human Rights and the New York City Corporation Counsel prior to filing it in the United States District Court.

## PARTIES

10.      Plaintiff is an individual who, at all times relevant to this Complaint, has resided and currently resides at 493 Lincoln Place, Apartment 2M, Brooklyn, New York 11238, County of Kings.

11.      At all times relevant herein, Plaintiff was an "employee" within the meaning of 42 U.S.C.A. §§ 2000e, et seq., § 296 of the NYSHRL and under § 8-102(1) of the NYCHRL and

4

thus, afforded protection against religious discrimination and retaliation in employment on the basis of her religion, Pentecostal.

12.     The defendant TA is a municipal corporation duly organized and existing under the laws of the State of New York.

13.     At all times material to this action, the TA was the plaintiff's "employer" within the meaning of Section 701(f) of Title VII (42 U.S.C. § 2000e(f)), Section 292(1) of the NYSHRL, and Section 8-102(1) of the NYCHRL.  The TA is also a "person" within the meaning of 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution.

14.     Defendant Sullivan is the Department of Buses' Chief Officer of Safety and Training within the TA.  He is responsible for following employment directives and policies, including religious accommodation of religious beliefs.  He is also responsible for hiring, screening, training, retention, supervision, discipline and counseling at the TA.

15.     Defendant Sullivan knew or should have known of the discriminatory customs, practices, policies, and wrongful acts described in the complaint but nonetheless, condoned, ratified, and/or authorized such conduct.  He is being sued in his official and individual capacities.

16.     Defendant Sullivan is an individual who is currently employed at Defendant TA.

17.     At all relevant times herein, Defendant Sullivan was Plaintiff's supervisor and in a position to discriminate and retaliate against Plaintiff in violation of NYSHRL and NYCHRL.

18.     At all relevant times herein, Defendant Sullivan is an individual who either aids, abets, incites, compels or coerces unlawful discriminatory retaliation pursuant to NYSHRL and NYCHRL.

19.    Defendant Chambers is an employee of the Department of Buses within the TA. She is responsible for following employment directives and policies, including religious accommodation of religious beliefs.  She is also responsible for hiring, screening, training, retention, supervision, discipline and counseling at the TA.

20.    Defendant Chambers knew or should have known of the discriminatory customs, practices, policies, and wrongful acts described in the complaint but nonetheless, condoned, ratified, and/or authorized such conduct.  She is being sued in his official and individual capacities.

21.    Defendant Chambers is an individual who is currently employed at Defendant TA.

22.    At all relevant times herein, Defendant Chambers was Plaintiff's supervisor and in a position to discriminate and retaliate against Plaintiff in violation of NYSHRL and NYCHRL.

23.    At all relevant times herein, Defendant Chambers is an individual who either aids, abets, incites, compels or coerces unlawful discriminatory retaliation pursuant to NYSHRL and NYCHRL.

24.    At all times material to this action, defendants have acted under color or custom or usage of law and continue to so act, depriving plaintiff of rights, privileges, and immunities secured to her by the constitution and laws of the United States and the State of New York, and indirect violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

25.    Defendants individually and in their official capacities have individually and collectively attempted to coerce Ms. Jenkins to wear a uniform in violation of her religious beliefs and practices.

6

26.     Defendants individually and in their official capacities have individually and collectively discriminated, retaliated against and terminated plaintiff on the basis of religion.

## FACTS COMMON TO ALL COUNTS[1]

The claims set forth herein arise from the following set of facts:

### INTRODUCTION

27.     Ms. Jenkins is a single parent supporting three children.

28.     Ms. Jenkins charges TA with unlawful discrimination based on her religion as specifically set forth herein.

### MS. JENKINS IS HIRED

29.     Ms. Jenkins is a female Pentecostal American.  As required by modesty codes of her Religion, Pentecost, and in her sincere religious beliefs, Ms. Jenkins only wears skirts covering her knee.

30.     Since April 2002, Ms. Jenkins has been employed as a school bus driver.

31.     Since September 2004, Ms. Jenkins has worked for her current employer, Independent Coach Corporation as a bus driver primarily driving religious Jewish school children.

32.     During Ms. Jenkins' entire career as a bus driver, Ms. Jenkins has worn a skirt, without incident or complaint, in accordance with the guidelines of her religion.

---

1. All directly quoted statements, unless otherwise specified, are the sum and substance of such statements as recalled by Plaintiff.

33.    In 2002, Ms. Jenkins took a civil service exam for the purpose of becoming a bus operator for the TA.

34.    On August 23, 2005, Ms. Jenkins took a TA-administered psychological exam known as the "Boss", which Ms. Jenkins passed.

35.    In late April – early May 2007, Ms. Jenkins received a letter from the TA to report to 130 Livingston Street for processing to be employed as a bus operator.

36.    At that time, in May 2007, Ms. Jenkins was interviewed by Lysandra Johnson, an employment specialist at the TA.

37.    During the interview, Ms. Jenkins informed Ms. Johnson that Ms. Jenkins does not wear pants due to religious beliefs.  In response, Ms. Johnson told Ms. Jenkins, **"I do not think that would be a problem, since we had other women who had expressed similar concerns during past interviews."**

38.    Ms. Johnson informed Ms. Jenkins that she had instructed those women to come back to her if there was a problem, but that none had ever come back to her.

39.    Ms. Jenkins did qualify for the position as a bus operator.

40.    Accordingly, on May 8, 2007, Ms. Jenkins was hired by the TA as a bus operator.

41.    Ms. Jenkins was scheduled to commence orientation and training with the TA on May 14, 2007 for the bus operator position.

42.    Ms. Jenkins' training took place at TA's Zerega Avenue Central Maintenance Facility, located at 750 Zerega Avenue, Bronx, New York.

## MS. JENKINS REQUIRES A REASONABLE ACCOMMODATION

43.    On May 14, 2007, when Ms. Jenkins appeared for orientation, she was met by two (2) employees of TA's Department of Buses, Phyllis Chambers and Clarissa Barrocales. At that time, Ms. Chambers and Ms. Barrocales informed Ms. Jenkins that she was required to wear pants as part of her uniform as a bus operator.

44.    In response, Ms. Jenkins informed Ms. Chambers and Ms. Barrocales that she was prohibited from wearing pants for religious reasons and that the employment specialist, Ms. Johnson, said it **"would not be a problem."**

45.    At that point, to her shock and dismay, Ms. Chambers and Ms. Barrocales asked Ms. Jenkins if she could obtain proof that her refusal to wear pants was based upon a sincere religious belief.

46.    Happy to oblige, in exchange for a reasonable accommodation, Ms. Jenkins agreed that she would obtain a letter from her pastor confirming that Ms. Jenkins cannot wear pants due to her sincere religious beliefs.

47.    On May 14, 2007, Ms. Jenkins contacted the pastor of her church and obtained a letter indicating that her religious belief did not permit her to wear pants. Specifically, the Pastor's letter stated:

> To Whom It May Concern:
>
> This letter is to verify that Tahita C. Jenkins is a good standing member in our church. **Due to the beliefs of our faith and religious standards, she cannot wear pants and respectfully request that you allow Ms. Jenkins to wear a skirt as part of her uniform.**

If you should need any additional information,
please feel free to contact me at
(631) 491-4110 or (631) 332-7022.

Yours in Christ,

Pastor L. Jackson

48.    Ms. Jenkins' "church", as referred to in the Pastor's letter, is Pentecostal.

**MS. JENKINS SUCCESSFULLY COMPLETES HER TRAINING**

49.    On May 14, 2007, despite Ms. Jenkins' request for a reasonable religious accommodation, the TA required Ms. Jenkins to sign the uniform policy requiring her to wear pants in violation of her sincere religious beliefs.

50.    Upon being forced to sign the unlawful policy, Ms. Jenkins clearly indicated on the policy her objections to the uniform and that she was signing the uniform policy under duress, as wearing of pants is contrary to her religious beliefs.

51.    Specifically, Ms. Jenkins wrote, **"I signed under protest cause I do not wear pants."**

52.    Interestingly, after signing the unlawful uniform policy, a representative from the TA uniform department met with Ms. Jenkins to measure for and order Ms. Jenkins a bus operator uniforms.

53.    On the uniform order form, Ms. Jenkins noticed an option to choose a "skort" instead of "pants" – which was a permissible option under the beliefs of her religion. A "skort" is defined as a pair of shorts having a flap or panel across the front and sometimes the back to resemble a skirt, covering the break normally appearing in pants, shorts and culottes.

10

54.     Accordingly, Ms. Jenkins ordered a "skort(s)" as her uniform.  (Because the skort only came to knee length, Ms. Jenkins ordered one size larger at the suggestion of the TA uniform representative, so that the length would fall to her knee.)

55.     On May 16, 2007, Ms. Jenkins gave the Pastor's letter to Mr. Patrick Sullivan, Department of Buses' Chief Officer of Safety and Training where Mr. Parker of the TA and Ms. Chambers were present.  Each of them read it and photocopied it.

56.     Following Ms. Jenkins' submission of her Pastor's letter she was permitted to complete her training as a bus operator.

57.     Throughout her training, Ms. Jenkins was singled out to suffer public ridicule, harassment and embarrassment by Ms. Chambers in retaliation for her request for a reasonable religious accommodation.

58.     Even during Ms. Jenkins' final road test at the conclusion of her training, the instructor required Ms. Jenkins to drive on elongated routes, where similarly situated trainees were required to complete courses that were less than half the length of Ms. Jenkins'.

59.     When Ms. Jenkins finally completed her road test route, the instructor admitted,

**"I cant find anything wrong.  You passed."**

60.     On or about May 27, 2007, Ms. Jenkins successfully completed her training as a bus operator and was informed verbally and in writing that she passed her training.

11

## MS. JENKINS IS DENIED A REASONABLE ACCOMMODATION

61.     Throughout the entire training period, Ms. Jenkins wore a skirt in accordance with the modesty and religious guidelines of her religion, Pentecostal.

62.     On May 25, 2007, following her successful completion of the training period to become a bus operator for the TA, Mr. Sullivan informed Ms. Jenkins that she was required to meet with TA's legal department concerning the uniform policy.

63.     On May 29, 2007, Ms. Jenkins did meet with Mr. Sullivan.  Also at the meeting were three Assistant Chief Transportation Officers (Donald Nesbitt, Cordell Rogers and Charles Dagis), the Superintendent of Transportation, Kenneth Wade and an EEO investigator employed by the TA, Zitamarina Rodriguez.

64.     No person identified themselves as being from the legal department.

65.     At that meeting, Ms. Jenkins was under the mistaken belief that Ms. Rodriguez was from the EEOC and was there to resolve the issues pertaining to Ms. Jenkins' religious requirement to wear a skirt and the need for a reasonable accommodation.

66.     During this meeting, Ms. Jenkins was told she could wear culottes.  Culottes are defined as "a woman's full trousers cut to resemble a skirt."

67.     Ms. Jenkins did inquire her pastor of the applicability of culottes as a permissible alternative to skirts, but her Pastor did not find culottes to be permissible, and therefore not a reasonable accommodation to Ms. Jenkins' religious requirements that she don a skirt as part of her dress code.

12

68.    Ms. Jenkins did inform the TA that she would agree to wear a skirt the same length as the TA-issued culottes; except that it would be a skirt and not pants because culottes are shorts.

69.    Ms. Jenkins also offered to wear a "skort", and in fact ordered a "skort(s)" through the TA uniform department.    Ms. Jenkins further volunteered to pay for the cost of sewing on a flap unto culottes in order to create a "skort" and accommodate her religious modesty requirements, but the TA refused.

70.    After the meeting, Ms. Rodriguez gave Ms. Jenkins her business card and Ms. Jenkins became aware that she was from the TA's internal EEO office and not the EEOC.

71.    Following Ms. Jenkins' further request for a religious accommodation, she was told that the TA refused to provide any further options and that Ms. Jenkins **"either resign of be terminated."**

72.    On that same day, May 29, 2007, after refusing to be intimidated by TA brass and not resign from her employment, the TA terminated Ms. Jenkins' employment without notice, reason, justification or cause.

73.    Ms. Jenkins was ready, willing and able to comply with the TA's uniform policy had it provided her with a reasonable religious accommodation, that Ms. Jenkins was willing to pay for at her own expense.

74.    Upon information and belief, women employed by the TA as bus drivers did and do wear skirts. In fact, Ms. Jenkins herself has viewed a female bus driver wearing a skirt.

13

75.     Upon information and belief, TA enforcement of its uniform policy is disparate and uneven, as many TA employees violate the express uniform regulations on a daily basis without being penalized.

76.     Ms. Jenkins was terminated from her employment, in retaliation for her request for a reasonable accommodation and in discrimination of the terms, privileges and conditions of her employment based upon her sincere religious beliefs.

77.     There is no legitimate business justification for such targeting and persecution of Ms. Jenkins to exist at TA by her supervisor and others.  Such debilitating and discriminatory behavior did not further the business of TA.

78.     To date, TA has not been able to articulate legitimate reasons for discriminating against Ms. Jenkins based on her religion.

79.     Furthermore, prior to the commencement of this action, Ms. Jenkins served a copy of this Complaint to the following persons at the last known address set forth in accordance with the New York City Administrative Code § 8-502(c):

Corporation Counsel of New York City          NYC Commission on Human Rights
100 Church Street, Room 4313                      40 Rector Street, 9th Floor
New York, New York 10007                           New York, New York 10006

---

## LEGAL CLAIMS

---

### FIRST CLAIM FOR RELIEF
### (Employment Discrimination – TITLE VII)

80.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

81.     Defendants have discriminated against Plaintiff in terms of conditions of her employment on the basis of her religion, in violation of Section 703(a)(2) of Title VII (42 U.S.C. § 2000e-2(a)(2)).

82.     As a result of the Defendants' wrongful actions complained of herein, Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, physical injury, as well as money damages including but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

83.     All of the foregoing damages have been exacerbated by the latest events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

### SECOND CLAIM FOR RELIEF
### (Employment Discrimination - NYSHRL)

84.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

85.     Defendants have discriminated against Plaintiff in terms of conditions of her employment on the basis of her religion, in violation of Section 296 of the NYSHRL.

15

86.    As a result of the Defendants' wrongful actions complained of herein, Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, physical injury, as well as money damages including but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

87.    All of the foregoing damages have been exacerbated by the latest events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

### THIRD CLAIM FOR RELIEF
### (Employment Discrimination - NYCHRL)

88.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

89.    Defendants have discriminated against Plaintiff in terms of conditions of her employment on the basis of her religion, in violation of Section 8-107 of the NYCHRL.

90.    As a result of the Defendants' wrongful actions complained of herein, Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, physical injury, as well as money damages including but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

91.    All of the foregoing damages have been exacerbated by the latest events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

## FOURTH CLAIM FOR RELIEF
### (Unlawful Discrimination)

92.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

93.     Defendants have unlawfully and intentionally terminated Plaintiff based on her religion and religious appearance in violation of 42 U.S.C. § § 2000-l(a)(l), Section 296(1) of the NYSHRL, and Section 8-107 of the NYCHRL.

94.     Defendants' discriminatory acts were motivated by religious animus and were performed with the intent to discriminate against Plaintiff based on her religion.

95.     As a result of the Defendants' wrongful actions complained of herein, Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, physical injury, as well as in money damages including but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

96.     All of these damages have been exacerbated by the events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

## FIFTH CLAIM FOR RELIEF
### (Failure to Accommodate Religious beliefs and practices)

97.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

98.     Defendants failed to offer religious accommodation to Plaintiff in violation of Section 701(j) of Title VII (42 U.S.C. § 2000e(j)), Section 296 of the NYSHRL, and Section 8-107 of the NYCHRL.

99.     As a result of the Defendants' wrongful actions complained of herein, Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, physical injury, as well as money damages including but not limited to regular wages, overtime wages, retirement benefits~ insurance benefits and pension.

100.     All of these damages have been exacerbated by the events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

## SIXTH CLAIM FOR RELIEF
(Disparate Treatment)

101.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

102.     Defendants have unlawfully treated Plaintiff and other TA Pentecostal female employees less favorably because of their religion pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § § 2000 et seq., the NYSHRL and the NYCHRL.

103.     As a result of Defendants' disparate treatment against Plaintiff, she has been prevented from working as a passenger Bus Operator, as well as from improving and advancing her career.

104.     As a result of the Defendants' wrongful actions complained of herein, Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, physical injury, as well as  money damages including but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

105.    All of these damages have been exacerbated by the events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

## SEVENTH CLAIM FOR RELIEF
### (Disparate Impact)

106.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

107.    The Defendants' wrongful employment practice has resulted in discrimination against Plaintiff based on her religion.

108.    Plaintiff was discriminated against because she is an observant Pentecost in violation of Disparate Impact under § 703(k) of Title VII of the Civil Rights Act of 1991 as amended, 42 U.S.C. § 2000e-2(k) and the NYCHRL § 8-107(17).

109.    As a result of the Defendants' wrongful actions complained of herein, Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, physical injury, as well as money damages including but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

110.    All of these damages have been exacerbated by the events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

## EIGHTH CLAIM FOR RELIEF
### (Retaliation – TITLE VII)

111.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

19

112.    Defendants have retaliated against Plaintiff for having complained of religious discrimination in the terms and conditions of employment in violation of Section 704 of Title VII (42 U.S.C. § 2000e-3).

113.    Plaintiff acted in opposition to such unlawful conduct by making good faith claims and/or complaints of religious discrimination to Defendants and appropriate authorities, including the EEO.

114.    Defendants had actual knowledge of Plaintiff's activities in respect of making good faith claims and/or complaints of religious discrimination to Defendants and appropriate authorities, including EEO.

115.    As a proximate result of Plaintiff's activities in respect of making good faith claims and/or complaints of religious discrimination to Defendants and appropriate authorities, Defendants engaged in adverse treatment of Plaintiff, including, inter alia, terminating her employment.

116.    As a result of the Defendants' wrongful actions complained of herein. Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, physical injury, as well as money damages including, but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

117.    All of these damages have been exacerbated by the events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

## NINTH CLAIM FOR RELIEF
### (Retaliation - NYSHRL)

118.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

119.    Defendants have retaliated against Plaintiff for having complained of religious discrimination in the terms and conditions of employment in violation of Section 296 (7) of the NYSHRL.

120.    Plaintiff acted in opposition to such unlawful conduct by making good faith claims and/or complaints of religious discrimination to Defendants and appropriate authorities, including the EEO.

121.    Defendants had actual knowledge of Plaintiff's activities in respect of making good faith claims and/or complaints of religious discrimination to Defendants and appropriate authorities, including EEO.

122.    As a proximate result of Plaintiff's activities in respect of making good faith claims and/or complaints of religious discrimination to Defendants and appropriate authorities, Defendants engaged in adverse treatment of Plaintiff, including, inter alia, terminating her employment.

123.    As a result of the Defendants' wrongful actions complained of herein. Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, physical injury, as well as money damages including, but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

124.    All of these damages have been exacerbated by the events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

### TENTH CLAIM FOR RELIEF
#### (Retaliation - NYCHRL)

125.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

126.    Defendants have retaliated against Plaintiff for having complained of religious discrimination in the terms and conditions of employment in violation of Section 8-107(7) of the NYCHRL.

127.    Plaintiff acted in opposition to such unlawful conduct by making good faith claims and/or complaints of religious discrimination to Defendants and appropriate authorities, including the EEO.

128.    Defendants had actual knowledge of Plaintiff's activities in respect of making good faith claims and/or complaints of religious discrimination to Defendants and appropriate authorities, including EEO.

129.    As a proximate result of Plaintiff's activities in respect of making good faith claims and/or complaints of religious discrimination to Defendants and appropriate authorities, Defendants engaged in adverse treatment of Plaintiff, including, inter alia, terminating her employment.

130.    As a result of the Defendants' wrongful actions complained of herein. Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress,

physical injury, as well as money damages including, but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.


131.    All of these damages have been exacerbated by the events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

## ELEVENTH CLAIM FOR RELIEF
### (Conspiracy to Discriminate)

132.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

133.    Defendants, individually and collectively conspired to discriminate by aiding, abetting, inciting, compelling and coercing Plaintiff. collectively and individually to stop driving TA passenger buses based on religion and thereafter terminated her employment in violation of the New York State Executive § 296(6).

134.    Defendants conspired to retaliate against Plaintiff for speaking out against her discrimination.

135.    As a result of the Defendants' wrongful actions complained of herein. Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, physical injury, as well as money damages including, but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

136.    All of these damages have been exacerbated by the events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

## TWELFTH CLAIM FOR RELIEF
(Violation of First Amendment Rights)

137.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

138.    Defendants' individually and collectively acted with wanton and reckless disregard for Plaintiff's civil rights, religious appearance and belief, under the. First Amendment to the United States Constitution, and the New York State Constitution Article I.

139.    As a result of the Defendants' wrongful actions complained of herein. Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, physical injury, as well as money damages including, but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

140.    All of these damages have been exacerbated by the events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

## THIRTEENTH CLAIM FOR RELIEF
(Denial of Equal Protection Clause)

141.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

142.    Defendants have denied Plaintiff equal protection of the laws because of her religion, in violation of the Fourteenth Amendment to the United States Constitution and Article I, Section 11 of the New York State Constitution.

143. Defendants' actions are willful and deliberate and are done under the color of law. These acts constitute a pattern, custom and practice in violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983.

144. As a result of the Defendants' wrongful actions complained of herein. Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, physical injury, as well as money damages including, but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

145. All of these damages have been exacerbated by the events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

## FOURTEENTH CLAIM FOR RELIEF
### (Discriminatory Discharge)

146. Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

147. Defendants have unlawfully arid intentionally discharged Plaintiff based on her religion and religious appearance in violation of 42 U.S.C. §§ 2000-1(a)(1), Section 296 (1) of the NYSHRL, and Section 8-107 of the NYCHRL.

148. As a result of the Defendants' wrongful actions complained of herein. Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, physical injury, as well as money damages including, but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

25

149.    All of these damages have been exacerbated by the events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

## FIFTEENTH CAUSE OF ACTION

### AGAINST SULLIVAN (NYSHRL - AIDING AND ABETTING)

150.    Plaintiff incorporates by reference and realleges each and every allegation as set forth above as if fully set forth herein.

151.    As a result of the aforementioned actions, Defendant Sullivan has discriminated against Plaintiff on account of her religion with respect to the terms, conditions and privileges of her employment in violation of New York Executive Law § 290 et seq.

152.    As a result of the aforementioned actions, Defendant Sullivan has violated the New York Executive Law §290 et seq. by aiding, abetting, inciting and coercing the unlawful discrimination outlined herein.

153.    As a result of Defendant Sullivan's discrimination (and aiding, abetting and inciting discrimination) against her, Plaintiff has suffered damages, including, without limitation, deprivation of income and benefits, emotional pain, suffering, inconvenience, damage to reputation and career, mental anguish and humiliation.

## SIXTEENTH EIGHTH CAUSE OF ACTION

### AGAINST SULLIVAN (NYCHRL - AIDING AND ABETTING)

154.    Plaintiff incorporates by reference and realleges each and every allegation as set forth above as if fully set forth herein.

155.    As a result of the aforementioned actions, Defendant Sullivan has discriminated against Plaintiff on account of her religion with respect to the terms, conditions and privileges of her employment in violation of New York City Administrative Code § 8-101 et seq.

156.    As a result of the aforementioned actions, Defendant Sullivan has violated the New York City Administrative Code § 8-101 et seq. by aiding, abetting, inciting and coercing the unlawful discrimination outlined herein.

157.    As a result of Defendant Sullivan's discrimination (and aiding, abetting and inciting discrimination) against her, Plaintiff has suffered damages, including, without limitation, deprivation of income and benefits, emotional pain, suffering, inconvenience, damage to reputation and career, mental anguish and humiliation.

## SEVENTEENTH CAUSE OF ACTION

### AGAINST CHAMBERS (NYSHRL - AIDING AND ABETTING)

158.    Plaintiff incorporates by reference and realleges each and every allegation as set forth above as if fully set forth herein.

159.    As a result of the aforementioned actions, Defendant Chambers has discriminated against Plaintiff on account of her religion with respect to the terms, conditions and privileges of her employment in violation of New York Executive Law § 290 et seq.

160.    As a result of the aforementioned actions, Defendant Chambers has violated the New York Executive Law §290 et seq. by aiding, abetting, inciting and coercing the unlawful discrimination outlined herein.

161.    As a result of Defendant Chambers' discrimination (and aiding, abetting and inciting discrimination) against her, Plaintiff has suffered damages, including, without limitation,

deprivation of income and benefits, emotional pain, suffering, inconvenience, damage to reputation and career, mental anguish and humiliation.

## EIGHTEENTH CAUSE OF ACTION

### AGAINST CHAMBERS (NYCHRL - AIDING AND ABETTING)

162.    Plaintiff incorporates by reference and realleges each and every allegation as set forth above as if fully set forth herein.

163.    As a result of the aforementioned actions, Defendant Chambers has discriminated against Plaintiff on account of her religion with respect to the terms, conditions and privileges of her employment in violation of New York City Administrative Code § 8-101 et seq.

164.    As a result of the aforementioned actions, Defendant Chambers has violated the New York City Administrative Code § 8-101 et seq. by aiding, abetting, inciting and coercing the unlawful discrimination outlined herein.

165.    As a result of Defendant Chambers' discrimination (and aiding, abetting and inciting discrimination) against her, Plaintiff has suffered damages, including, without limitation, deprivation of income and benefits, emotional pain, suffering, inconvenience, damage to reputation and career, mental anguish and humiliation.

## ATTORNEY'S FEES AND COSTS

166.    Attorney's fees and costs are warranted in this matter as the undersigned, on behalf of Plaintiff, have in good faith, attempted to negotiate a reasonable resolution with Defendants without having to refer this matter to this forum for adjudication, determination and final resolution on the merits.

## PUNITIVE DAMAGES – BAD FAITH

167.    It is presumed that parties to contracts undertake their respective obligations in good faith, with intent to deal fairly.  In light of Defendants' obvious and blatant bad faith, wrongdoing and breach of other duties, ***punitive damages*** should be assessed against Defendants so that they be deterred from attempting such harmful employment practices in the future.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court order the following relief in favor of Plaintiff:

I.    A Declaratory Judgment declaring that the acts complained of herein violate the rights of Plaintiff as guaranteed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., New York State Executive Law, New York City Administrative Code, First Amendment to the Constitution of the United States, the Fourteenth Amendment to the Constitution of the United States, New York State Constitution Section 8 and 11;

II.    A judgment granting equitable relief directing Defendants to cease and desist from exposing Plaintiff to discrimination and retaliation and. reinstating her to full status as a Bus Operator;

III.    A judgment directing Defendants to reimburse and make Plaintiff whole for any and all earnings she would have received but for Defendants' discriminatory treatment and unlawful dismissal, including but not limited to, back pay and pension benefits;

IV.    A judgment awarding Plaintiff compensatory damages for mental anguish, loss of dignity, humiliation, and injury to livelihood in an amount that is fair, just, and reasonable, to be determined at trial, including reasonable attorneys' fees, as provided in 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k);

V.    A judgment awarding Plaintiff double damages for Plaintiff's intentional discrimination;

VI.    A judgment awarding Plaintiff front pay;

VII.    A judgment awarding Plaintiff punitive damages;

VIII.    An award of prejudgment interest, costs and attorney's fees; and

IX.    Such other and further relief that the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury

on all questions of fact raised by the complaint.

Dated:      New York, New York
             July 28, 2008

Respectfully submitted,

**SACK & SACK, ESQS.**

By:    _____
        Jonathan Sack, Esq.  (JSS 1835)

**Attorneys for Plaintiff**
**TAHITA JENKINS**
110 East 59th Street, 19th Floor
New York, New York 10022
Tel.: (212) 702-9000
Fax: (212) 702-9702

31

UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    1:08-CV-_____

---

T AHITA JENKINS,

                                   Plaintiff,

                 - against -

**NEW YORK CITY TRANSIT AUTHORITY,**
**PATRICK SULLIVAN** and **PHYLLIS CHAMBERS,** individually,

                                   Defendants.

---

**COMPLAINT**

---

**SACK & SACK, ESQS.**

**ATTORNEYS FOR PLAINTIFF**

110 East 59th Street, 19th Floor
New York, New York 10022
Tel.: (212) 702-9000
Fax: (212) 702-9702